## TOWN COUNCIL OF DUE WEST v. FULLER.

APPEAL—MUNICIPAL COURTS—CONSTITUTION.—Section 2005 of the Code of 1902, requiring that notice of appeals from municipal courts in cities and towns of less than 5,000 inhabitants shall be given within twenty-four hours after judgment, is constitutional.

Before TOWNSEND, J., Abbeville, June term, 1904. Affirmed.

Indictment by Town Council of Due West against Isaac Fuller. From order of Circuit Court sustaining judgment of municipal court, defendant appeals.

*Messrs. M. P. De Bruhl* and *P. Greene,* for appellant, cite: *Section 2005, Code of 1902, is unconstitutional:* Con., art. III., sec. 34; Code, 1902, 2003-4-5; 51 S. C., 51; 59 S. C., 110; 60 S. C., 501; 62 S. C., 247; 66 S. C., 201.

*Mr. W. N. Graydon,* contra (oral argument).

July 12, 1905. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The defendant was tried before the town council of the town of Due West, in Abbeville County, on March 9th, 1904. He was charged with stealing two turkeys from Cy. Ellis, on February 28th, 1904, and was arrested by Intendant Reid and Warden Kennedy, and was tried immediately. No warrant or summons was issued. The defendant was found guilty by said town council and sentenced to pay a fine ·of $20 or work thirty days on the chain-gang. On the fifth day after the trial the defendant served a notice of appeal. Pending the hearing of the appeal, the defendant under the writ of habeas corpus was granted bail upon entering into a bond in the sum of $200, conditioned for his appearance to abide the decision of the Court upon his appeal. The grounds of appeal were as follows:

"I. Because said town council had no jurisdiction to try defendant for the offense charged, said offense, if any, having been committed beyond the incorporate limits of said town of Due West.

"II. Because the testimony showed that the defendant did not live within the town of Due West, and the prosecutor testified that the turkeys were taken from his house, which is outside of the town of Due West.

"III. Because the defendant objected to being tried by said town council, said council had no jurisdiction.

"IV. Because the defendant gave a reasonable explanation of his possession of said turkeys, alleged to have been stolen, and it was error to convict him of the larceny."

The case was heard by his Honor, Judge Townsend, at the Court of General Sessions of Abbeville County.

The attorney for the town council presented as a preliminary objection to the hearing of the appeal that the record showed that the notice of appeal was not served until the fifth day after the defendant was convicted, and that inasmuch as the law required that such appeal must be taken

within twenty-four hours after the decision of the town council, the Court could not take jurisdiction of the same.

The Circuit Judge held that this objection was fatal to the appellant, and passed the following judgment: "This case came before the Court upon an appeal from the judgment of the town council of Due West, convicting the defendant of petit larceny. Objection was interposed by the town council that the appeal had not been taken in time. The defendant was convicted on March 9th, 1904, and notice of appeal was not served until the fifth day after. The defendant claims that section 2005, of the Civil Code, is unconstitutional, on the ground that the city of Charleston is exempted from the operation of said section. Said section provides that appeals may be taken from the judgment of municipal courts, provided that in towns of less than five thousand inhabitants notice of appeal must be served within twenty-four hours after judgment. In case of towns or cities of over five thousand inhabitants, the State allows five days in which to appeal.

"I cannot hold that the section above quoted, section 2005, is unconstitutional. For this reason I hold that the appeal was not taken in time, and that this Court is without jurisdiction to consider this appeal. If I thought that I could consider the facts, I would hold that the testimony does not show that the defendant is guilty of the charge, or that the larceny was committed within the town of Due West, but under my view of the law, I don't think I have any right to pass any order on the merits, but only to dismiss the appeal, which is hereby ordered."

The defendant then appealed to this Court, on grounds which were intended to raise same questions that were before the Circuit Judge. Of course, the appeal from the Circuit Court to this Court is intended to test the accuracy and legality of the conclusions of the Circuit Judge. No matter how thoroughly questions may be argued, unless they are based upon alleged errors of the Circuit Court, we cannot consider them.

We agree with the Circuit Judge, that if we could consider the facts we might reach the same conclusion as that of the Circuit Judge, but by law we are debarred from the power of considering the facts. The Circuit Judge has held that there is no appeal by the defendant that he could consider, because the appeal was not taken until after the expiration of five days, and, of course, therefore, it was not within twenty-four hours after the rendition of the judgment of the town council of Due West. This is a palpable violation of the provisions of section 2005 of our Civil Code. We cannot hold that section unconstitutional.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, without prejudice, however, to the appellant's rights to test the jurisdiction of the magistrate by some other proceeding, if he may be so advised.